```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION
```

DONNA FRANKLIN,                §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:17-CV-0994-D
VS.                            §
                               §
CITY OF DALLAS,                §
                               §
            Defendant.         §

## MEMORANDUM OPINION
## AND ORDER

The instant motion to remand presents the question whether the court has federal question jurisdiction in this removed action in which the plaintiff asserts a claim under the Family and Medical Leave Act of 1993 ("FMLA"). Concluding that FMLA claims can be removed under the court's federal question jurisdiction, the court denies the motion to remand.

I

This is an action by plaintiff Donna Franklin ("Franklin") against defendant City of Dallas ("the City") in which Franklin alleges that the City violated, and retaliated against her in violation of, the FMLA. Franklin was employed in the City's Office of Risk Management from 2007 to 2016; she was appointed a Senior Risk Analyst in 2012. In 2016 Franklin took off work from July 20 until August 10 due to stress. Pertinent to her FMLA claim, Franklin alleges that her supervisor discouraged her from taking leave under the FMLA, so she instead used accrued vacation and sick time. When Franklin returned to work, she was terminated.

Franklin originally sued the City in state court, alleging in her state-court petition claims under the FMLA and state law. The City timely removed the case on the ground that this court has federal question jurisdiction based Franklin's assertion of an FMLA claim. In her first amended complaint, which she filed in response to the City's motion to dismiss her state-court petition, Franklin continues to assert claims under the FMLA and state law.

II

As the party who removed this case, the City must overcome an initial presumption against jurisdiction and must establish that removal is proper. *See, e.g., Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). The removal statute implicates federalism concerns and therefore should be strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.) (alteration in original) (quoting *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)); *see Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Louisville & Nashville R.R. Co.*

*v. Mottley*, 211 U.S. 149, 152 (1908) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.")). The well-pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, a plaintiff may remain in state court by relying exclusively on state law. *See id.*

"A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *Tex. Dep't of Protective & Regulatory Servs. v. Mitchell-Davis*, 2007 WL 4334016, at *2 (N.D. Tex. Dec. 11, 2007) (order) (Fitzwater, C.J.) (citing *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988)); *Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.) (holding that plaintiff had not alleged federal-law claim even though he referred at one point to exhausting his administrative remedies under federal law, where he otherwise clearly alleged that his claims were based on Texas statutory or common law)). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not merely by way of an anticipated defense. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks omitted); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction."). In other words, the "plaintiff's petition must itself establish that the case arises under federal law. This means that a right or immunity created

by the Constitution or laws of the United States must be an essential element of a plaintiff's cause of action." *Breathwit v. City of Terrell Civil Serv. Comm'n*, 2001 WL 1801174, at *1 (N.D. Tex. Dec. 5, 2001) (Fitzwater, J.) (internal citation omitted).

III

A

Franklin contends that FMLA claims brought in state court cannot be removed based on the statutory language that an action asserting a violation of the FMLA "*may be maintained* against any employer" in state court. 29 U.S.C. § 2617(a)(2) (emphasis added). She contends that the Fifth Circuit has not yet decided whether removal of FMLA claims should be automatic, and she asserts that there is a split of authority in the Fifth Circuit regarding the removability of FMLA claims, which should be construed as an ambiguity. Franklin posits that because ambiguities are to be construed against removal, this uncertainty supports granting her motion to remand. *See Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

The City maintains that it properly removed this case under the court's federal question jurisdiction because Franklin is bringing an FMLA claim that arises under the laws of the United States. The City contends that Franklin's argument for remand relies only on the proposition that FMLA lawsuits cannot be removed from state court because of the use of the word "maintained" in 29 U.S.C. § 2617(a)(2). The City notes that the Fifth Circuit has affirmed judgments in removed FMLA cases, and that in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693, 699 (2003), the Supreme Court rejected the rationale on

which Franklin relies.

B

The court holds that this action is removable under this court's federal question jurisdiction because Franklin's well-pleaded complaint alleges an FMLA claim that arises under federal law.

By statute, an action to recover under the FMLA "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees[.]" 29 U.S.C. § 2617(a)(2). This court has previously declined to accept the contention that FMLA claims are not removable on the basis that they "may be maintained" in state court. *See Ayotte v. Home Depot U.S.A., Inc.*, 2002 WL 524269, at *1 (N.D. Tex. Jan. 8, 2002) (Fitzwater, J.) ("The court rejects [the] contention that because by statute an FMLA claim can be maintained in state court, it is not removable."); *see also Breuer*, 538 U.S. at 693, 699 (concluding that provision comparable to FMLA in its use of the term "maintain" did not bar removal to federal court); *Abeyata v. Liberty Mut. Grp., Inc.*, 2014 WL 3535215, at *2 (W.D. Tex. July 16, 2014) ("While the 'may be maintained' language in the FMLA establishes concurrent jurisdiction over FMLA claims, it is a stretch to say that this phrase 'expressly' precludes removal.").

The City has met its burden of establishing federal question jurisdiction, and Franklin's motion to remand must be denied.

IV

If, within seven days of the date this memorandum opinion and order is filed, Franklin dismisses her FMLA claim, the court will likely remand the balance of the case to state court under its discretion and in accordance with its usual procedure. Although the propriety of removal is usually determined by examining the case at the time of removal, *see Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000), a district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction, and, in turn, to removal, have dropped out of the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted); *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 211-12 (N.D. Tex. 1993) (Fitzwater, J.). If Franklin does not dismiss the claim, the court will decide the City's pending motion to dismiss in due course.

\* \* \*

For the reasons explained, the court denies Franklin's motion to remand.

**SO ORDERED**.

June 21, 2017.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE